**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**GOLZAR YOUSEF**                                             **CASE NO.  3:26-CV-00064 SEC P**

**VERSUS**                                                    **JUDGE JAMES D. CAIN, JR.**

**WARDEN, ET AL**                                             **MAGISTRATE JUDGE AYO**

### MEMORANDUM ORDER

Presently pending in this matter is a MOTION TO APPOINT COUNSEL filed by petitioner Golzar Yousef.  (Rec. Doc. 2).  Petitioner's Section 2241 Petition relates to an immigration removal proceeding in which he has a final order of removal.  (Rec. Doc. 1, p. 4, §11(b)). However, he seeks release from custody, as he has been granted withholding or removal to his country, Iran, yet has been in custody for more than six months since withholding was granted.  (*Id*. at p. 6).

"[R]emoval proceedings are 'civil, not criminal in nature.'" *Gonzalez-Reyes v. Holder*, 313 F. App'x 690, 696 (5th Cir. 2009) (quoting *Sewani v. Gonzales*, 162 F. App'x 285, 288 (5th Cir. 2006) (per curiam)). Accordingly, "an alien has no Sixth Amendment right to effective counsel during removal proceedings." *Rodriguez-Salazar v. Sessions*, 691 F. App'x 173, 174 (5th Cir. 2017) (per curiam) (quoting *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006)). However, pursuant to 18 U.S.C. § 3006A(a)(2)(B), "a [financially—eligible habeas] petitioner should be appointed counsel when 'the interests of justice so require.'" *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (concerning federal post-conviction proceedings & quoting 18 U.S.C. § 3006A(a)(2)(B)).

The Court finds that under Section 3006A(a)(2)(B), the interests of justice do not currently require that the Court appoint counsel for Petitioner in this matter. Petitioner's

filings demonstrate he is able to adequately represent himself, the issues presented are not particularly complex, and this matter does not involve novel legal issues. *See Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985); *Schwander v. Blackburn*, 750 F.2d 494, 502-03 (5th Cir. 1985). Thus, the Court finds his motion should be denied.  However, the motion is denied without prejudice. Should circumstances change as this litigation proceeds, Petitioner may renew his motion if there is a proper showing that the interests of justice require appointment of counsel. The Court may also consider appointing counsel on its own motion.

Accordingly,

**IT IS ORDERED** that Petitioner Golzar Yousef's MOTION TO APPOINT COUNSEL (Rec. Doc. 2) is **DENIED**.

THUS DONE AND SIGNED in chambers this 29th day of January, 2026.

David J. Ayo
United States Magistrate Judge