UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

GOLZAR YOUSEF                          CIVIL ACTION NO. 3:26-CV-00064

VERSUS                                 JUDGE JAMES D. CAIN, JR.

WARDEN RICHWOOD CORRECTIONAL    MAGISTRATE JUDGE DAVID J. AYO
CENTER, ET AL

MEMORANDUM ORDER

Before the court is a Motion for Order to Show Cause [Doc. 9] and a Motion to Expedite

Consideration [Doc. 11] filed by *pro se* petitioner Golzar Yousef ("Petitioner"). Petitioner is

an Iranian national who entered the United States on January 8, 2025, and has remained

continuously detained by Immigration and Customs Enforcement (ICE) at the Richwood

Correctional Center in Monroe, Louisiana.

Petitioner seeks an order from this Court declaring his continued detention unlawful

and ordering Respondents to release him forthwith from their custody. Petitioner seeks

expedited consideration of his petition pursuant to 28 U.S.C. § 2243, which provides in

relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus
> shall forthwith award the writ or issue an order directing the respondent to
> show cause why the writ should not be granted, unless it appears from the
> application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody
> of the person detained. It shall be returned within three days unless for good
> cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under Sections 2241 and 2243, a court may "adjust the scope of [a] writ in

accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S.

264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the

Rules Governing § 2254 cases which are applicable to petitions filed under Section 2241. *See*

*Maniar v. Warden Pine Prairie Corr. Ctr.*, 2018 WL 4869383, (W.D. La. 2018);[1] *See also Taylor v. Gusman*, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of Section 2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008) (allowing 60 days to respond to a Section 2241 habeas petition); *Hickey v. Adler*, 2008 WL 3835764 (E.D. Cal. 2008) (same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause [Doc. 9] and Motion to Expedite Consideration [Doc. 11] are GRANTED.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition [Doc. 1] within 21 days of the date of this Order. Petitioner shall have seven days to reply.  After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**THUS DONE AND SIGNED** in chambers this 4th day of March, 2026.



David J. Ayo
United States Magistrate Judge

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to Section 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp.2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952  F. Supp. 348 (S.D. W. Va. 1997).