UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

GOLZAR YOUSEF                              CIVIL ACTION NO.  3:26-CV-00064 SEC P

VERSUS                                     JUDGE JAMES D. CAIN, JR.

WARDEN RICHWOOD                            MAGISTRATE JUDGE DAVID J. AYO
CORRECTIONAL CENTER, ET AL.

**REPORT AND RECOMMENDATION**

Before the Court is a PETITION FOR WRIT OF HABEAS CORPUS under 28 U.S.C. § 2241 [Doc. 1] filed by *pro se* Petitioner Golzar Yousef ("Yousef"), an immigration detainee at Richwood Correctional Center in Monroe, Louisiana.  Yousef challenges the legality of her continued detention.

Because there is no significant likelihood of Yousef's removal in the reasonably foreseeable future, the PETITION [Doc. 1] should be GRANTED.

I.      **Background**

Yousef is a native and citizen of Iran, who entered the United States without admission or parole.  [Doc. 16-1 at 1].  She has been detained since January 8, 2025.  [*Id.*] On June 27, 2025, an immigration judge ordered Yousef removed to Iran but granted withholding.  [Doc. 16-1 at 1].  Yousef and the Department of Homeland Security waived their rights to appeal, so the order became final on that date.  *See* 8 CFR § 1241.1.

On August 8, 22, October 2, and December 18, 2025, Enforcement and Removal Operations ("ERO") requested assistance from Headquarters with finding a third country for removal.  [*Id.* at 2].

## II.    Law and Analysis

The Court has jurisdiction to consider Yousef's challenge to her continued post-removal order detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it.  Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *adopted by*, No. 3:25-CV-1700, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *adopted by*, No. 25-CV-1947, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days within which to effectuate the removal.  *See* 8 U.S.C. § 1231(a)(1)(A).  However, Section 1231 permits detention beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States.  *See Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).  In fact, detention for up to six months is "presumptively reasonable."  *Id.*  Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release her.  *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures).  The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist.  *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).  The alien's claim must be supported by more than mere "speculation and conjecture."  *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4

(N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Yousef's removal order became final on June 27, 2025. She has been detained beyond the presumptively reasonable period, and the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); *see also Altayb v. U.S. Immigration & Customs Enf't*, 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), *adopted by,* 2026 WL 544292 (W.D. La. Feb. 26, 2026).

Yousef has satisfied her initial burden of demonstrating that a significant likelihood of removal in the reasonably foreseeable future does not exist. She identifies a specific barrier to her removal in that she was granted withholding of removal to Iran, her only country of citizenship. *See Altayb*, 2026 WL 550093 *3 (collecting cases). ERO has yet to even identify a possible alternate country. Yousef has now been detained for more than 15 months, including more than nine months after her removal order became final. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

The burden therefore shifts to the Government to come forward with evidence of a significant likelihood that Yousef will be deported in the reasonably foreseeable future. The Government presents a declaration of Assistant Field Office Director Charles Ward, which confirms that no requests to any third country have ever been made. In fact, no alternate country has even been identified. Although the Government has been "searching" for a country to which it can send Yousef [Doc. 16-1 at 2], no progress has been made, and it is no closer to removing Yousef now than it was in June 2025. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan.

28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

Yousef is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that that she has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02. The record before the Court establishes that there are no requests pending with any country; no request has ever been made; and ERO has yet to even identify a possible country for deportation. It follows that the likelihood of Yousef being removed in the reasonably foreseeable future is certainly not significant. The Government has failed to meet its burden to refute that assertion. Accordingly, Yousef's continued detention violates the Due Process Clause, as explained in *Zadvydas*.

### III.    Conclusion

Because there is no significant likelihood of Yousef's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the PETITION FOR WRIT OF HABEAS CORPUS [Doc. 1] be GRANTED and Yousef be RELEASED under appropriate conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE in Chambers on this 21st day of April, 2026.

David J. Ayo
United States Magistrate Judge